IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

NO. 23-2808

**UNITED STATES OF AMERICA,**

**APPELLEE,**

v.

**JAE BERNARD,**

**APPELLANT.**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
HONORABLE C.J. WILLIAMS,
U.S. DISTRICT COURT JUDGE

**APPELLANT'S SUPPLEMENTAL BRIEF RE: RAHIMI**

STOWERS & NELSEN PLC
James S. Nelsen AT0005675
West Glen Town Center
650 S. Prairie View Drive, Suite 130
West Des Moines, IA 50266
Telephone: (515) 224-7446
Fax: (515) 225-6215
Email: james@stowersnelsen.com
ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………...i

TABLE OF AUTHORITIES…………………………………………….....ii

ARGUMENT………………………………………………………….....1

I. SECOND AMENDMENT PROHIBITIONS MUST BE BASED UPON A FINDING OF A CREDIBLE THREAT AND LIMITED IN DURATION ……………………………………………………...1

    A. THE STANDARD OF REVIEW IS *DE NOVO* GIVING NO DEFERENCE TO DISTRICT COURT'S DECISION…………………..1

    B. ARGUMENT…………………………………………………………1

CONCLUSION……………………………………………………….....6

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS………7

CERTIFICATE OF SUBMISSION AND VIRUS SCAN………………...…....8

CERTIFICATE OF SERVICE…………………………………………..9

# TABLE OF AUTHORITIES

**Cases**

*District of Columbia v. Heller*, 554 U.S. 570, 626, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008)………………………………………………………………………..2

*McDonald v. Chicago*, 561 U.S. 742, 778, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010)……………………………………………………………………………….2

*New York State Rifle & Pistol Ass'n. Inc. v. Bruen*, 142 S.Ct. 2111 (June 23, 2022)……………………………………………………………………………1-2

*United States v. Rahimi*, 144 S.Ct. 1889, 1903 (June 21, 2024)…………………1-5

*United States v. Rodriguez*, 581 F.3d 775 (8th Cir. 2009)…………………………..1

**Other Authorities**

18 U.S.C. §921 (2024)…………………………………………………………...4

18 U.S.C. §922(g)(8)……………………………………………………………..2-3, 5

18 U.S.C. §922(g)(9)……………………………………………………………..3-5

Mass. Rev. Stat. ch. 134 §§1, 16…………………………………………………...3

# ARGUMENT

I. **SECOND AMENDMENT PROHIBITIONS MUST BE BASED UPON A FINDING OF A CREDIBLE THREAT AND LIMITED IN DURATION**

   **A. The Standard of Review is *de novo* giving no deference to district court's decision.**

On appeal, Court of Appeals reviews the constitutionality of a statute *de novo*. *United States v. Rodriguez*, 581 F.3d 775 (8th Cir. 2009).

   **B. Argument**

In *United States v. Rahimi*, the Supreme Court concluded an individual 'found by a court to pose a credible threat to the physical safety of another' may be 'temporarily' disarmed consistent with the Second Amendment. *United States v. Rahimi*, 144 S.Ct. 1889, 1903 (June 21, 2024). In doing so, the Court reaffirmed that for legislative limitations to be placed upon constitutionally protected rights under the Second Amendment, the government must be compelled to establish a historical analogue that imposes similar restrictions consistent with limitations understood at the time of the passage of the Second Amendment.

> In *Bruen*, we directed courts to examine our "historical tradition of firearm regulation" to help delineate the contours of the right. *Id*., at 17, 142 S.Ct. 2111. We explained that if a challenged regulation fits within that tradition, it is lawful under the Second Amendment. We also clarified that when the Government regulates arms-bearing conduct, as when the Government regulates other constitutional rights, it bears the burden to "justify its regulation." *Id.*, at 24, 142 S.Ct. 2111.

1

*United States v. Rahimi*, 144 S.Ct. 1889, 1897 (June 21, 2024)(citing *Bruen*, 597 U.S. at 22, 142 S.Ct. 2111).

The Court reiterated that the right to keep and bear arms is among the "fundamental rights necessary to our system of ordered liberty." *Rahimi*, 144 S.Ct. at 1897 (citing *McDonald v. Chicago*, 561 U.S. 742, 778, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010)). However, like most rights,", "the right secured by the Second Amendment is not unlimited." *Rahimi*, 144 S.Ct. at 1897 (citing *District of Columbia v. Heller*, 554 U.S. 570, 626, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008)). Tasked with considering the restrictions on the Second Amendment in the context of persons subject to a no contact order, the court concluded that 18 U.S.C. § 922(g)(8) was constitutional. However, in doing so, provided additional guidance to the outer limits of such restrictions upon Second Amendment Rights.

In analyzing historical analogues, the Court confirmed the Government did not identify a founding era or Reconstruction era law that specifically disarmed domestic abusers. *Rahimi*, at 1904 (Sotomayor/Kagan Concurrence). However, in surety laws and 'affray' laws, the Court found a historical analogue which was determined to be sufficiently similar to the prohibitions outlined in 18 U.S.C. §922(g)(8). *Rahimi*, 144 S.Ct. at 1899-1903. The Court identified two aspects of these laws that are critical in determining if a restriction is proper: a prior finding

2

of a credible threat, and the temporary nature of the prohibition. *Rahimi*, 144 S.Ct. at 1901-02.

Identically, in response to Defendant's Motion to Dismiss the Indictment in this matter, the government cited 'surety laws' as a historical analogue. (R. Doc. 62). The analysis of *Rahimi* is equally applicable to Section 922(g)(9). The surety and going armed laws confirm what common sense suggests: when an individual poses a *clear threat of physical violence to another*, the threatening individual may be disarmed. *Rahimi*, 144 S.Ct. at 1901 (emphasis added). Surety laws offered the accused significant procedural protections. *Rahimi*, 144 S.Ct. at 1900. Before the accused could be compelled to post a bond for "go[ing] armed," a complaint had to be made to a judge or justice of the peace by "any person having reasonable cause to fear" that the accused would do him harm or breach the peace. Mass. Rev. Stat., ch. 134, §§ 1, 16. *Id*. The magistrate would take evidence, and—if he determined that cause existed for the charge—summon the accused, who could respond to the allegations. §§ 3–4. *Id*. Bonds could not be required for more than six months at a time, and an individual could obtain an exception if he needed his arms for self-defense or some other legitimate reason. § 16. *Id*. Thus, the Court concluded the specific finding of a 'credible' threat, and the limited duration of the prohibition, were the determining factors that allowed §922(g)(8) to pass constitutional muster.

3

The provisions of 18 U.S.C. §922(g)(9) have no such guardrails. Any person convicted in any court of a misdemeanor crime of domestic violence is subject to a *lifetime* prohibition from firearm possession. 18 U.S.C. §922(g)(9) (2024). The statutory provisions of §922(g)(9) provide for extinction of Second Amendment rights, even in the absence of a finding of a 'clear threat' of future violence. *See Id*. The statutory restrictions and extinction of rights imposed by 18 U.S.C. 922(g)(9) provide for lifetime firearm prohibition even where the 'misdemeanor domestic' conviction did not involve any actual force or violence, but merely 'attempted' or 'threatened' violence. *See* 18 U.S.C. §921 (2024). Even assuming *arguendo* that the fact of a conviction establishes a 'clear threat' for at least a limited duration, no provisions exist in Section 922(g)(9) to limit that prohibition to a time period when such a threat may be germane. And the structure of §922(g)(9) provides for no opportunity for reinstatement of rights with a conviction on your record, and no end date for such prohibition. *See* 18 U.S.C. §922(g)(9), 921 (2024).

The permanent nature of the prohibition outlined in §922(g)(9) renders the prohibition in violation of the Second Amendment facially unconstitutional. Surety laws which provided a limited time frame restriction is not analogous to the permanent prohibition of Section 922(g)(9). Initially, restrictions imposed by surety laws were limited, not more than six months at a time. *Rahimi*, 144 S.Ct. at

4

1900. Further, as stated by the Court, like surety bonds of limited duration, Section 922(g)(8)'s restrictions are temporary, and only prohibits firearm possession so long as the defendant "is" subject to a restraining order. *Rahimi*, 144 S.Ct. at 1902. Section 922(g)(9) directs that a misdemeanor conviction forfeits your Second Amendment Rights to the grave, regardless of the passage of time, acquisition of wisdom, rehabilitation, remorse, or general propensity against violence, and does so in the absence of any finding of a clear threat to another. The statutory machinations of §922(g)(9) allow for an open-ended prohibition detached from procedural protections. There is no recourse, no limitation, and no requirement of a finding of an actual 'clear' threat. No historical analogues exist for a such a permanent abolition of a constitutional right, specifically Second Amendment Rights, even and especially in the surety laws relied upon by the government in response to Bernard's Motion to Dismiss.

As applied to Mr. Bernard, a permanent lifetime prohibition without a specific finding of a credible threat violates Mr. Bernard's Second Amendment rights. Mr. Bernard's conviction at the time of Indictment was approximately 20 years old. There exist no intervening facts or circumstances which would establish Mr. Bernard as a credible threat and no finding Mr. Bernard is a credible threat.

The constitutionality of a permanent ban pursuant to §922(g)(9) must be anchored to historical analogues which establish a tradition of firearm

5

dispossession. Nothing cited nor relied upon by the district court or presented by the government reaches that threshold. There exists no historical analogue which allows for the permanent extinction of a constitutional right for a misdemeanor conviction in the absence of a finding of a clear threat to another. As such, the district court's denial of Bernard's Motion to Dismiss should be reversed.

## **CONCLUSION**

For the reasons asserted herein, Bernard's conviction in this matter should be overturned and this matter dismissed.

STOWERS & NELSEN PLC
West Glen Town Center
650 South Prairie View Drive, Suite 130
West Des Moines, IA 50266
Phone: (515) 224-7446
Fax: (515) 225-6215
Email: james@stowersnelsen.com

By:    /s/ James Nelsen
      James Nelsen
      ATTORNEY FOR APPELLANT
      Jae Bernard

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because Appellant's Supplemental Brief re: Rahimi contains 1,260 words, excluding parts of the motion exempted by Fed. R. App. P. 32(f). The brief uses a proportional space, 14-point Times New Roman font.

## CERTIFICATE OF SUBMISSION AND VIRUS SCAN

I hereby certify that on this 6th day of September, 2024, I electronically submitted Appellant's Supplemental Brief re: Rahimi with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system after scanning it for viruses by using the Vipre's Antivirus Virus Scan program, which reported no viruses found. Paper copies will be transmitted upon receipt of the Notice of Filing from the Clerk of Court.

                                                  _/s/ Amy Pille_____
                                                  Legal Assistant

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the ____ day of September, 2024, I mailed two copies of Appellant's Supplemental Brief re: Rahimi by first-class mail deposited in the United States Mail, postage prepaid, addressed to the counsel of record listed below.

>Emily Nydle
>U.S. Attorney's Office
>111 7th Avenue SE, Box 1
>Cedar Rapids, IA 52401

>STOWERS & NELSEN PLC
>West Glen Town Center
>650 South Prairie View Drive, Suite 130
>West Des Moines, IA 50266
>Phone: (515) 224-7446
>Fax: (515) 225-6215

>By: \_/s/ Amy Pille_____
>    Legal Assistant

Date: September 6, 2024.